## Morse *versus* Androscoggin Railroad Company.

A bailee of goods upon which labor is to be performed for a sum of money, and they are not to be converted into something essentially different in their character, has only a *special* property in them, which is terminated by the performance of his labor and a delivery to the general owner.

And when *such bailee* has completed his work, and delivered the goods to a *common carrier* for the general owner, and the goods are lost or damaged, *he* can maintain no action against the carrier therefor.

On Report from *Nisi Prius*, Rice, J., presiding.

Case, against defendants as common carriers.

The plaintiff delivered a box containing thirteen coats, directed to "Saroni & Goodheim, No. 40, 42, North, formerly Ann St., Boston," to the depot master of defendants at Livermore, and paid the freight thereon.

The box was lost, but was found after the commencement of this suit at a station on another line of railroad, and when sent to Boston the property was damaged, and a part of it missing. The plaintiff was notified by Saroni & Goodheim that they would not receive it without a discount.

Saroni & Goodheim sent the cloth cut into coats, to the plaintiff, to be made, finished and returned to them, for a price agreed.

The cause was submitted for the decision of the full Court; if the action is maintainable, a default to be entered for $34, otherwise a nonsuit.

*May,* for defendants.

*Knapp,* for plaintiff.

SHEPLEY, C. J. — The plaintiff claims to recover damages for the injury and loss of the contents of a box delivered to the defendants' agent at Livermore Falls to be transported to Boston. It is denied, that he has such an interest in the property as will enable him to maintain the action. From the case, as presented, it appears, that Saroni & Goodheim, of Boston, caused some cloth to be cut and prepared to be made into coats, " and sent it to the plaintiff, in Dixfield, to be made and finished and returned to said Saroni & Goodheim to Boston; and when made and finished they were accordingly left with and delivered to the depot master of the defendants to be so forwarded." The coats appear to have been put into a box properly marked, and the plaintiff paid sixty-one cents for its carriage.

This was a species of bailment denominated *locatio operis faciendi,* where work is to be performed for a pecuniary recompense upon the thing delivered. In such case the property does not pass from the general owner to the workman, unless the thing is to be deprived of its original character and converted into something essentially different; as an ingot of gold into personal ornaments.

In this case the general property was in the owners of the cloth, while the plaintiff acquired a special property in

it, to enable him to retain and protect it for the perform-
ance of the work to be done upon it. The plaintiff would
not be liable to the general owners for the loss of it while
in his possession, unless it was occasioned by his negligence
or fault. He was responsible for ordinary care and dili-
gence respecting it, while it was in his possession, and for
its delivery to the common carrier to be returned. There
is no testimony presented tending to prove any liability for
its safe return by the carrier to the general owner. It can-
not be presumed, that such a bailee would become an insurer
to the general owner of the risks of transportation. When
the plaintiff had performed his work, had properly enclosed
the property, delivered it to the carrier and paid for its
carriage, his whole duty had been performed. His respon-
sibility respecting it, and his special property in it termin-
ated, when he ceased to have possession or any right to
possession of it.

Having ceased to be bailee, and to have any special pro-
perty in the coats before they were injured or lost, the
plaintiff cannot maintain the action.

*Plaintiff nonsuit.*